IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**DEWAYNE MICHAEL DRIVER,**  **PLAINTIFF**
**ADC #170876**

V.   CASE NO. 3:18-CV-188 KGB-BD

**MIKE ALLEN,** *et al*.   **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections**

This Recommended Disposition (Recommendation) has been sent to Judge Kristine G. Baker. Any party to this suit may file written objections with the Clerk of Court. To be considered, objections must be filed within 14 days. Objections should be specific and should include the factual or legal basis for the objection.

If parties do not file objections, they risk waiving the right to appeal questions of fact. And, if no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record.

**II.   Discussion**

A.  Background

Plaintiff Dewayne Michael Driver, an Arkansas Department of Correction inmate formerly detained at the Crittenden County Detention Facility (Detention Center), filed this civil lawsuit without the help of a lawyer under 42 U.S.C. § 1983. Mr. Driver alleges that Detention Center staff members were deliberately indifferent to his serious medical needs. (Docket entry #2)

Defendants Allen, Coleman, and Childress moved for summary judgment on Mr. Driver's claims against them, arguing that he failed to exhaust his administrative remedies before filing this lawsuit.[1] (#14) Mr. Driver did not respond to the Defendants' motion; and the time for responding to the motion has passed. (#17) The motion is ripe for review.

B. Exhaustion

The Court must dismiss any claim that was not fully exhausted before the date the complaint was filed. See 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted"); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("If exhaustion was not completed at the time of filing, dismissal is mandatory").

There are exceptions to the exhaustion requirement. For example, prisoners can be excused from exhausting administrative remedies when correction officials have prevented them from using grievance procedures or when officials have themselves failed to comply with administrative procedures. *Miller v. Norris*, 247 F.3d 736, 740 (8th Cir. 2001); *Foulk v. Charrier*, 262 F.3d 687, 697-98 (8th Cir. 2001). But, the exceptions to the exhaustion requirement are few. An inmate's subjective belief about the effectiveness of

---

[1] The Court previously recommended that Mr. Driver's claims against the Doe Defendants be dismissed based on his failure to timely identify and serve those Defendants. (#10) That Recommendation remains pending.

the grievance process does not excuse a failure to exhaust; nor does confusion about the requirements for exhaustion. *Chelette v. Harris*, 229 F.3d 684, 688 (8th Cir. 2000).

In support of their motion, Defendants attach the affidavit of Defendant Coleman, jail administrator for the Detention Center. (#15-1) Defendant Coleman states that Mr. Driver was held at the Detention Center from February 1, 2018, through February 3, 2018, and again from July 12, 2018, through August 20, 2018. (*Id.* at p.1) Defendant Coleman testifies that there is no record of Mr. Driver having filed a grievance regarding any issue during his 2018 detentions. (*Id.*)

Mr. Driver has not come forward with any evidence contradicting Defendant Coleman's testimony. Based on this record, there is no genuine dispute about the lack of exhaustion.

### III.   Conclusion

The Court recommends that the Defendants' motion for summary judgment (#14) be GRANTED. Mr. Driver's claims should be DISMISSED, without prejudice, based on his failure to exhaust administrative remedies.

DATED, this 31st day of July, 2019.

_____
UNITED STATES MAGISTRATE JUDGE